BREAUX, C. J.
Plaintiff, claiming that the property described in its petition is exempt from taxation, brought this suit in April, 1909, to prohibit the marshal and tax collector of Crowley from proceeding further with the advertisement of the property for taxes and asked for a judgment maintaining its injunction and decreeing that it is exempt from taxation.
Plaintiff’s contention in addition is that its property, being railroad property, is not subject to assessment; that it is an attempt to deprive it of its constitutional right of exemption.
Defendant in answer averred that the property is not exempt from taxation; that Crowley is one of the termini of the railroad which runs from Eunice to Crowley.
Plaintiff’s railroad, the main line, operates from Beaumont to a point on the west side of the Mississippi just across from Baton Rouge. It traverses a number of parishes. Its operations as a railroad began about the 1st of January, 1908, within the exemption period under the constitutional extension of exemption.
The appraisers notified the assessor to carry the property on the assessment roll within the limits of Crowley. The following is the return made by the State Board of Appraisers :
“Colorado Southern, N. O. & Pac. R. R. Co., 1908. Post office: Beaumont, Texas. Description of lands, lots, live stock, machinery, vehicles, credits, total values, franchises, building materials and other property subject to taxation: Lots 1, 2, 3, 4, 5, 6, B. 8; lots 1, 2, 3, 4, 5, 6, B. 9; lots 1, 2, 3, 4, 5, 6, B. 10, together with all improvements thereon, consisting of passenger and freight stations, but exclusive of the tracks and franchises, $21,000.”
The New Orleans, Texas & Mexico Railroad Company is the present name of the Colorado Southern, New Orleans & Pacific Railroad Company; it changed, it seems, only in name. The terminal company, formerly owned by plaintiff, mentioned in the pleadings and in the evidence, insists that it does not owe the license claimed.
Plaintiff’s complaint is that, although exempt from taxation, the State Board of Appraisers illegally directed the assessor of Acadia parish to place on the assessment rolls the property of the terminal road within the limits of Crowley.
In addition, it adds that the defendant was about to sell for the license tax claimed one mile of main track and one mile of side track.
*183 Plaintiff, after this suit had been instituted by it, filed a suit in the district court for the parish of East Baton Rouge against the State Board of Appraisers, asking that the assessment made by the Board of Appraisers of different properties of the company in the parishes it traverses be canceled, being property exempt from taxation under article 230 of the Constitution. The property assessed, as before mentioned, is one of the properties included in the suit in East Baton Rouge, in which the judgment was rendered decreeing that the tax was null and ordering that the assessment be canceled.
The judgment was brought to our notice in the pending case the first time during the argument on appeal. A petition had been previously filed on appeal.
No appeal was taken from the judgment rendered by the district court in East Baton Rouge.
However much the judgment remained unquestioned, it cannot be given effect for reasons stated later.
[1, 2] The assessment had passed from the Board of Appraisers and had become final and could not be set aside contradictorily with that board alone without making the collector or the one in charge of the collection of the license tax a party to the suit. It would have a disturbing effect in finances if assessments could be thus annulled despite the fact that the law makes them final. We hold in regard to this judgment that it can be of no effect as it is not res judicata.- It is not pleaded as res judicata but as persuasive. It is sufficient to state that the judgment rendered in East Baton Rouge regarding this license is not controlling. We stated above that we would give reasons for not accepting the East Baton Rouge judgment as final. They are that: Under the statute (No. 122 of 1900) the assessment of the Board of Appraisers is final unless changed or reduced by suit for reduction, the suit to be brought on or before the first Monday of November in the year in which the assessment is made.
The suit in East Baton Rouge was brought after the assessment had been finally closed.
From the foregoing, it is very evident that the suit was brought too late. The mandatory provision of the law was disregarded. On that ground alone the judgment can have no effect.
[3] Now as to the exemption: It is claimed by plaintiff under article 230 of the Constitution and its amendments. In this article, after referring to property exempt, it refers to property not exempt. To paraphrase the Act No. 16 of 1904: Exemption does not include depots, warehouses, and other similar property nor the land upon which they are erected at terminal points.
Crowley is a terminal point of this railroad. The railroad here offers terminal facilities for the handling of freight. It is a railroad terminus and has a terminal station and a depot as well as belt lines. This, according to the authorities, comes within the definition of a terminal.
The trains of this railroad, as shown by the testimony operate between Crowley and Eunice, a distance of 22 miles. Wherever they operate at a longer distance, Crowley is the place at which the trains stop over night and generally resume their run between the two places. The road ending at Crowley is the end of what is known as the Crowley branch between Eunice and Crowley.
There was a Crowley Belt & Terminal Company organized at this place. It was also owned by the plaintiff railroad. It was but another name for the plaintiff road. In the charter organizing the company it was mentioned as a belt and terminal station. It forms no part of the main line.
It being evident that Crowley is a terminal, that the facilities of the plaintiff there are those of a terminal for which it charges, and everything denoting that it is the end of the *185 branch between Crowley and Eunice, we cannot hold otherwise than that the cause is not within the exemption. We cannot make the law applying to a main road apply to a terminal, as the law has established a difference between the two.
The statute further provides that exemption under its provisions of exemption does not include double tracks, sidings, switches, depots, or other improvements or betterments which may be constructed by branch roads.
Plaintiff complains that the assessment includes more property than was ordered to be •assessed by the Board of Appraisers.
We have given the return above made by the Board of Appraisers. If the assessing authorities have included other properties in their assessment, we have been unable to And a copy of their assessment in the tran■script. There may be something of the kind lurking somewhere in the transcript. It certainly has escaped our research.
For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.